CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 11 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:13-cr-00068 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| DEMARCUS MANDELL BROWN, | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Demarcus Mandell Brown, a federal inmate proceeding pro se, has filed a motion and amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government has filed a motion to dismiss, and Brown has responded, making this matter ripe for consideration. After reviewing the record, the court concludes that the government's motion to dismiss must be granted and Brown's § 2255 motion must be dismissed.

I.

On September 19, 2013, a federal grand jury charged Brown in a two-count indictment with: (1) knowingly and forcibly assaulting, resisting, opposing, impeding and interfering with a deputy United States Marshal while the marshal was performing official duties, and in doing so made physical contact with and inflicted bodily injury upon the marshal, in violation of 18 U.S.C. § 111(a) and (b) ("Count One"); and (2) physically assaulting a second deputy United States Marshall, in violation of 18 U.S.C. § 111(a) ("Count Two"). These charges stemmed from an incident that happened in Roanoke City Jail on March 27, 2013, when Brown refused to leave his cell for a court hearing and had to be physically restrained and removed.

On January 13, 2014, Brown proceeded to trial. Prior to the government's case-in-chief, the parties stipulated that "Demarcus Mandell Brown was in the lawful custody of the United States Marshals Service on March 27, 2013." Trial Tr. at 34, ECF No. 103. Following the

government's evidence, the district court dismissed Count Two on the ground that it was multiplicitous. Trial Tr. at 13, ECF No. 104.

At the close of the trial, the court provided the jury with a verdict form that provided:

As to the charges set forth in Count One of the indictment, we the jury unanimously find beyond a reasonable doubt:

A. That the defendant, DEMARCUS MANDELL BROWN, forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with a federal officer or employee;

_____ Yes     _____ No

B. That the assault, resistance, opposition, impeding, intimidation, or interference occurred while the officer or employee was engaged in his official duties or on account of those duties;

_____ Yes     _____ No

C. That such acts involved physical contact with the victim of an assault

_____ Yes     _____ No

D. That the defendant inflicted bodily injury while committing these acts;

_____ Yes     _____ No

Jury Verdict at 1, ECF No. 66. The court explained to the jury that "[i]f you find the government fails to prove each of the elements beyond a reasonable doubt, then you must find the defendant not guilty of Count One." Trial Tr. at 149, ECF No. 104. The court further explained:

> Now, if you find that the government has proved all the elements of Count One, except that the government has failed to prove beyond a reasonable doubt that the defendant inflicted bodily injury, then you may find the defendant guilty of an assault that involves physical contact but does not involve bodily injury. This is called a lesser included offense.
> If you find that the government has proved all the elements of Count One, except that the government has failed to prove either bodily injury or actual physical contact, then you may find the defendant guilty of a lesser included offense of simple assault.

Id. at 150-51.

The jury answered "yes" to the first two questions, and "no" to the last two questions on the verdict form. Jury Verdict at 1, ECF No. 66. The court sentenced Brown to twelve months' incarceration to be served consecutive to his prior federal sentence. Brown appealed. The Fourth Circuit affirmed his conviction and sentence. United States v. Brown, 592 F. App'x 164 (4th Cir. 2014). Brown filed this § 2255 motion alleging that: (1) the district court denied him the right to be found guilty or not guilty by a jury of his peers; (2) he was constructively denied counsel at his trial because counsel failed to object when the trial judge entered a judgment of conviction; and (3) he was denied the right to appeal.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Brown bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

### A. Jury Verdict

Brown first argues that the jury failed to find him "guilty" of Count One because the special verdict form did not use the terms "guilty" and "not guilty." In order for a criminal conviction to stand, a jury must determine "that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v. Gaudin, 515 U.S. 506, 510 (1995). This requires the jury to determine "the facts as to each element of the crime," and apply "the law as instructed by the judge to those facts." United States v. Johnson, 71 F.3d 139, 142 (4th Cir. 1995)

3

Brown argues that the jury was not required to make the requisite finding of guilt in his case because the special verdict form asked factual questions without asking the ultimate question of whether Brown was guilty. In support of his argument, Brown points to a recent Fourth Circuit decision, United States v. Ramirez-Castillo, where the defendant was charged with possession of a prohibited object by a federal inmate. 748 F.3d 205, 208 (4th Cir. 2014). The court provided the jury with a special verdict form that asked "'(1) Do you, the jury, unanimously find that Government's Exhibit One is a weapon?'; and '(2) Do you, the jury, unanimously find that [Appellant] possessed Government's Exhibit Two?'" Id. at 214. The jury answered both questions in the affirmative. However, the jury was not asked to decide whether the appellant satisfied the other elements of the offense: whether he knowingly possessed the objects and whether he was a prisoner at the time of the alleged offense. Id. at 214 n.5. The Fourth Circuit vacated the appellant's conviction and sentence because it concluded that the jury neither determined facts essential to the conviction nor found the appellant guilty of the charged offense. Id. at 217.

Brown's case differs from Ramirez-Castillo. The statute for assaulting a federal officer provides, in relevant part,:

(a) In General.—Whoever—
   (1) forcibly assaults, resists, opposes, impedes, intimidates or interferes with [any designated federal officer] while engaged in ... the performance of official duties ... shall, where the acts in violation of this section constitute only simple assault, be ... imprisoned not more than one year, ... and where such acts involve physical contact with the victim of that assault or the intent to commit another felony, be ... imprisoned not more than 8 years....

(b) Enhanced Penalty.—
   Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be ... imprisoned not more than 20 years....

4

18 U.S.C. § 111(a) and (b). The Fourth Circuit has determined that the statute establishes separate offenses that involve different offense elements. United States v. Campbell, 259 F.3d 293, 298 (4th Cir. 2001). Simple assault results when a prisoner forcibly assaults, resists, opposes, impedes, intimidates, or interferes with a federal officer engaged in the performance of official duties and is punishable by no more than one year in prison; when the simple assault also involves physical contact with the victim, it is punishable by up to eight years in prison; and when the simple assault involves the use of a deadly or dangerous weapon or inflicts bodily injury, it is punishable by up to 20 years in prison. 18 U.S.C. § 111. As long as a jury determines, beyond a reasonable doubt, that the defendant violated each element of an offense, the word "guilty" need not be included in the verdict form. See generally, Patterson v. United States, 15 U.S. 221, 225 (1817) (noting that "[w]hether the jury find a general or a special verdict, it is their duty to decide the very point in issue"); United States v. Edelkind, 467 F.3d 791, 794-95 (1st Cir. 2006) (concluding that no error had occurred when the court used a special verdict form that asked the jury to answer whether the defendant had defrauded banks without using the words "guilty" and "not guilty" because the jury had been properly instructed on the elements necessary to find the defendant guilty).

Although special verdict forms are generally disfavored in criminal trials, when a defendant may be convicted of a lesser included offense, special verdict forms can serve the important purpose of avoiding ambiguous results. United States v. Barrett, 870 F.2d 953, 954-55 (3d Cir. 1989) (noting that where a jury has been instructed regarding lesser-included offenses, the jury verdict form must provide specific questions so that if a guilty verdict is rendered it is clear for which crime the jury found the defendant guilty). The district court has the discretion

5

to use a special or general verdict form. United States v. Udeozor, 515 F.3d 260, 271 (4th Cir. 2008).

In this case, the jury was properly instructed on the elements of the charged offense. The verdict form mirrored the statute and asked the jury to determine whether Brown had satisfied each charged element. The jury concluded that Brown had committed simple assault but also found that the evidence did not support any enhancements. Therefore use of the special verdict form that tracked each element of the charged offense was appropriate. See id. (concluding that a special verdict form was justified because any enhancements to a sentence must be found by the jury). Accordingly, Brown cannot establish any error.

### B. Ineffective Assistance of Counsel

Next, Brown argues that he received ineffective assistance because his counsel failed to object when the court entered the judgment of conviction as the jury never determined whether he was guilty of the charge. This claim is unavailing.

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

6

To satisfy the prejudice prong of Stickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. Brown's claims of ineffective assistance of counsel do not satisfy Strickland's stringent requirements.

As explained above, the jury found that Brown satisfied every element of a simple assault charge under 18 U.S.C. § 111(a). Accordingly, the jury did determine his guilt. As such, counsel's decision not to object to the jury verdict form and judgment of conviction did not fall below an objective standard of reasonableness. Strickland, 466 U.S. at 688.

**C. Right to Appeal**

Finally, Brown argues that he was denied the right to appeal because counsel filed an appeal pursuant to Anders v. California, 386 U.S. 738 (1967), without telling him and without providing him a copy of the filed brief. This argument, too, must fail.

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000). Counsel must note an appeal if a defendant requests one. United States v. Poindexter, 492 F.3d 263, 273 (4th Cir. 2007) (noting that "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal"). In addition, counsel must act as an advocate for his client by supporting his appeal "to the best of his ability." Anders, 386 U.S. at 744. However, if after careful examination, counsel finds his client's case frivolous, he should inform the court and file a brief referring to anything in the record that may support the appeal. Id. The defendant should receive a copy of counsel's brief and have the opportunity to address additional issues. Id.

7

In this case, counsel's conduct comported with Anders. Appellate counsel filed a brief, pursuant to Anders, on behalf of Brown. The Certificate of Service, filed with the Fourth Circuit on July 18, 2014, establishes that counsel provided Brown with a copy of the Anders brief and advised him that he could file a supplemental pro se brief within 30 days. Mot. to Dism. Ex. C at 1, ECF No. 118-3. In addition, the Fourth Circuit provided notice to Brown that an Anders brief had been filed on his behalf and that he had until August 18, 2014, to file a pro se supplemental brief. Mot. to Dism. Ex. D at 1, ECF No. 118-4.

Because the record establishes that counsel filed an Anders brief on Brown's behalf, informed Brown and sent him a copy, Brown cannot establish either that he was denied the right to an appeal or that counsel provided deficient performance. Strickland, 466 U.S. at 687.

### III.

For the reasons stated, the court grants the government's motion to dismiss. Because Brown has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 11th day of October, 2016.

/s/ Michael F. Urbanski
United States District Judge